ROBERT A. DOTSON
Nevada State Bar No. 5285
JUSTIN C. VANCE
Nevada State Bar No. 11306
DOTSON LAW
5355 Reno Corporate Dr., Ste 100
Reno, Nevada 89511
Tel:  (775) 501-9400
Email:  rdotson@dotsonlaw.legal
          jvance@dotsonlaw.legal
Attorneys for Defendant,
Washoe County School District

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRINA OLSEN, | Case No.:  3:19-cv-00665-MMD-WGC |
| Plaintiff, | |
| vs. | **DEFENDANT WASHOE COUNTY SCHOOL DISTRICT'S ANSWER TO AMENDED VERIFIED COMPLAINT** |
| WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; Washoe County School District Superintendent TRACI DAVIS; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Defendant WASHOE COUNTY SCHOOL DISTRICT ("Defendant" and/or "WCSD"), by and through its counsel of record, DOTSON LAW, hereby answers the First Amended Complaint by alleging and averring as follows:

**Arbitration Exemption**

1.      Answering Paragraph 1, Answering Defendant denies that Plaintiff's claims have a probable jury aware in excess of fifty thousand dollars.  Answering Defendant admits that Plaintiff has filed a Motion for Preliminary Injunction and seeks declaratory relief.  To the extent this paragraph calls for further response, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any additional allegations contained therein and therefore denies the same.

**Jurisdiction and Venue**

2.      Answering Paragraph 2, Answering Defendant admits that the state court would have had jurisdiction over this matter notwithstanding the fact that it was appropriate to remove on the basis of federal question.

3.      Answering Paragraph 3, (a) Answering Defendant admits that venue would have been appropriate in the state court in which the case was filed had it not been removed, and admits that venue is appropriate in the above-captioned court now that removal has been effectuated; (b) Answering Defendant admits this Court has personal jurisdiction over Plaintiff; (c) Answering Defendant admits this Court has personal jurisdiction over the WCSD; and (d) Answering Defendant admits Plaintiff was employed by Defendant WCSD in Washoe County.

**Parties**

4.      Answering Paragraph 4, Answering Defendant admits the allegations contained therein.

5.      Answering Paragraph 5, Answering Defendant admits the allegations contained therein.

6.      Answering Paragraph 6, Answering Defendant admits the allegations contained therein.

7.      Answering Paragraph 7, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

8.      Answering Paragraph 8, Answering Defendant asserts that no allegation against WCSD has been stated, and no response is required.  To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of any allegations contained therein and therefore denies the same.

9.      Answering Paragraph 9, Answering Defendant denies the allegations contained therein.

**Allegations of Fact**

10.     Answering Paragraph 10, Answering Defendant admits the allegations contained therein.

11.     Answering Paragraph 11, Answering Defendant admits the allegations contained therein.

12.     Answering Paragraph 12, Answering Defendant admits the allegations contained therein.

13.     Answering Paragraph 13, Answering Defendant admits the evaluations/observations took place as alleged therein, and further states that those documents speak for themselves.

14.     Answering Paragraph 14, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

15.     Answering Paragraph 15, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

16.     Answering Paragraph 16, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

17.     Answering Paragraph 17, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

18.     Answering Paragraph 18, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

19.     Answering Paragraph 19, Answering Defendant admits Plaintiff filed a staff complaint form against Lauren Ford and avers that the complaint speaks for itself.

20.     Answering Paragraph 20, Answering Defendant denies the allegations contained therein.

21.     Answering Paragraph 21, Answering Defendant admits that Roger Gonzalez authored a letter to Ms. Olsen dated June 28, 2018 and avers that the content of that letter speaks for itself.  Answering Defendant further admits that the letter was copied to various WCSD employees and others, but denies that, on its face, it was copied to Ms. Davis.

22.     Answering Paragraph 22, Answering Defendant admits Olsen, through her counsel, sent a letter dated July 6, 2018 to Traci Davis seeking arbitration.  To the extent any further response is required Answering Defendant state that it is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, as the allegation is not comprehensible, and therefore denies the same.

23.     Answering Paragraph 23, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

24.     Answering Paragraph 24, Answering Defendant admits Traci Davis sent a letter dated July 27, 2018 and asserts that the content of the letter speaks for itself.  As to the remaining allegations stated therein, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

25.     Answering Paragraph 25, Answering Defendant admits that the termination was the subject of arbitration proceedings and that Arbitrator Andrea L. Dooley issued what she called a "Decision and Award" dated December 13, 2018.  Answering Defendant further avers that the content of the "Decision and Award" speaks for itself.  To the extent any further response to this averment is required or called for, Answering Defendant states that it is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

26.     Answering Paragraph 26, Answering Defendant admits the allegations contained therein, but denies that the phrasing utilized by the arbitrator is consistent with Nevada law.

27.     Answering Paragraph 27, Answering Defendant denies it has not made Ms. Olsen whole, and denies that it was required as a matter of law to make Ms. Olsen whole as purportedly required by the Arbitrator's Decision and Award.  Answering Defendant admits Plaintiff has filed a Motion for Preliminary Injunction.  With respect to all other allegations in Paragraph 27, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

28.     Answering Paragraph 28, Answering Defendant objects to the same in so far as it states legal conclusion as opposed to statement of fact.  To the extent a response is required Answering Defendant states that it is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

29.     Answering Paragraph 29, Answering Defendant denies the allegations contained therein.

30.     Answering Paragraph 30, Answering Defendant denies the allegations contained therein.

## CLAIMS FOR RELIEF

## 42 U.S.C. 1983 – VIOLATION OF DUE PROCESS

## (PROTECTED PROPERTY INTEREST)

## (Against Defendant Davis)

31.     Answering Paragraph 31, Answering Defendant realleges and incorporates by reference each and every answer contained in the preceding paragraphs as if set forth fully herein.

32.     Answering Paragraph 32, Answering Defendant states that it does not believe the allegations are brought against it or have application to this Answering

Defendant.  Answering Defendant also objects to this paragraph insofar as it states a legal conclusion as opposed to a statement of fact.  However, to the extent any such allegation might be construed as having application to this Answering Defendant, Answering Defendant states that it is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

33.    Answering Paragraph 33, Answering Defendant states that it does not believe the allegations are brought against it or have application to this Answering Defendant.  Answering Defendant also objects to this paragraph insofar as it states a legal conclusion as opposed to a statement of fact.  However, to the extent any such allegation might be construed as having application to this Answering Defendant, Answering Defendant states that it is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

34.    Answering Paragraph 34, Answering Defendant states that it does not believe the allegations are brought against it or have application to this Answering Defendant.  Answering Defendant also objects to this paragraph insofar as it states a legal conclusion as opposed to a statement of fact.  However, to the extent any such allegation might be construed as having application to this Answering Defendant, Answering Defendant states that it is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

35.    Answering Paragraph 35, Answering Defendant states that it does not believe the allegations are brought against it or have application to this Answering Defendant.  However, to the extent any such allegation might be construed as having application to this Answering Defendant, Answering Defendant denies the same.

36. Answering Paragraph 36, Answering Defendant admits Plaintiff requests the relief set forth in her Prayer for Relief, but by this response does not concede such relief should be granted.

## 42 USC 1983 – MONELL CLAIM

### (Against WCSD)

37. Answering Paragraph 37, Answering Defendant realleges and incorporates by reference each and every answer contained in the preceding paragraphs as if set forth fully herein.

38. Answering Paragraph 38, Answering Defendant denies the allegations contained therein.

39. Answering Paragraph 39, Answering Defendant admits Davis was the officer with authority over personnel matters but denies the remaining allegations contained therein.

40. Answering Paragraph 40, Answering denies the allegations contained therein.

41. Answering Paragraph 41, Answering denies the allegations contained therein.

42. Answering Paragraph 42, Answering denies the allegations contained therein.

43. Answering Paragraph 43, Answering denies the allegations contained therein.

44. Answering Paragraph 44, Answering denies the allegations contained therein.

## VIOLATION OF DUE PROCESS – NEVADA CONSTITUTION

### (Against All Defendants)

45. Answering Paragraph 45, Answering Defendant realleges and incorporates by reference each and every answer contained in the preceding paragraphs as if set forth fully herein.

46.     Answering Paragraph 46, Answering Defendant objects to the same in so far as it states legal conclusion as opposed to statement of fact and thus no response is required. Answering Defendant further avers that the legal authority cited therein speaks for itself.

47.     Answering Paragraph 47, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

48.     Answering Paragraph 48, Answering Defendant objects to the same in so far as it states legal conclusion as opposed to statement of fact and thus no response is required. Answering Defendant further avers that the legal authority cited therein speaks for itself. Answering Defendant denies that a violation of any of the cited authority "caused damages to the Plaintiff."

## TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

49.     Answering Paragraph 49, Answering Defendant realleges and incorporates by reference each and every answer contained in the preceding paragraphs as if set forth fully herein.

50.     Answering Paragraph 50, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

51.     Answering Paragraph 51, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

52.     Answering Paragraph 52, Answering Defendant denies the allegations contained therein.

53.     Answering Paragraph 53, Answering Defendant denies the allegations contained therein.

DOTSON LAW
5355 RENO CORPORATE DR.
SUITE #100
RENO, NEVADA 89511

54.     Answering Paragraph 54, Answering Defendant denies the allegations contained therein.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint on file herein fails to state a claim or cause of action against Answering Defendants upon which relief can be granted.

2.     Answering Defendant alleges that the Plaintiff has failed to mitigate her damages, and to the extent of such failure of such mitigation, is precluded from recovery herein.

3.     Answering Defendants denies that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission by Defendants.

4.     Plaintiffs' Complaint fails to state a claim for recovery of attorney fees and costs against each and every Defendant for any of his efforts in this Federal District Court proceeding.

5.     Answering Defendant alleges that Plaintiff's claim for punitive damages is in violation of the Constitution of the United States and Amendments thereto.

6.     Answering Defendant alleges that if any entitlement to punitive damages is shown, which entitlement is specifically denied, such punitive damages must be assessed in a manner bearing a rational relationship to Plaintiff's compensatory damages.

7.     Answering Defendant alleges that the occurrence referred to in the Complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party over whom Answering Defendant had no control.

8.     Defendant alleges that at all times material hereto it had reasonable cause to engage in any actions taken with respect to Plaintiff.

9.     Defendant alleges that plaintiff has failed to exhaust administrative and/or contractual remedies.

10.     Defendant was acting without malice and in good faith at all relevant times and therefore enjoys good faith immunity from suit.

11.    The acts of Answering Defendant were not the cause of the damages claimed and Plaintiff lacks the ability to demonstrate a causal relationship between Answering Defendants' alleged acts and her claimed damages.

12.    There was no WCSD policy or practice that is related in any way to the alleged deprivation of Plaintiff's constitutional rights.

13.    The Complaint fails to state a federal civil rights claim against the defendants under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

14.    The State of Nevada has adopted a limited waiver of sovereign immunity as codified in Chapter 41 of the Nevada Revised Statutes. Defendant WCSD is a political subdivision of the State of Nevada. To the extent that the Complaint and causes of action for violations of civil rights are based upon a theory of respondeat superior against Defendant WCSD, Defendant WCSD is immune from liability because the claims for relief averred in the Complaint pertain to the exercise or performance, or the failure to exercise or perform, discretionary functions or duties on the part of WCSD and/or its agents or employees. By reason of the premises and terms and provisions of NRS 41.032(2) no action may be brought against Defendant WCSD and legal recovery is thereby barred.

15.    The claims for relief averred in the Complaint pertain to conduct based upon acts or omissions of employees or agents of Defendant WCSD exercising due care in the execution of a statute, ordinance or other legal regulation. By reason of the premises and the terms and provisions of NRS 41.032(1) no action may be brought against this Defendant and any legal recovery is thereby barred.

16.    Plaintiff's claims are barred by NRS 41.03475 as the alleged actions of Defendant Traci Davis were outside the course and scope of her public duties.

17.    Without admitting that the conduct attributed to the individually named Defendants occurred, if it did, the acts and conduct complained of were not sanctioned, condoned, ratified, or authorized by Defendant WCSD, do not constitute an official act of

Defendant WCSD, and are not reflective of an official policy or custom of Defendant WCSD.

18.    Pursuant to NRS 41.035, Plaintiff's recovery, if any, is limited in accordance therewith.

19.    Defendant alleges that Plaintiff consented to the matters referred to in the Complaint.

20.    Plaintiff is barred from recovering punitive damages under NRS 41.035.

21.    Plaintiff is barred from recovering any special damages for failure to specifically allege items of special damages claimed, pursuant to Rule 9(g) of the Federal Rules of Civil Procedure.

22.    This Defendant alleges that at all times relevant to the incidents referred to in Plaintiff's Complaint, it acted in accordance with its legal obligations and duties under law and regulation.

23.    Pursuant to FRCP 11, to the extent discovery in this matter reveals additional facts which support additional affirmative defenses, Answering Defendant hereby reserves the right to amend this Answer and/or supplement it.

24.    Answering Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of any such defenses, Answering Defendant reserves the right to seek leave of Court to amend this Answer to specifically assert any such defense.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such affirmative defense.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff's Complaint be dismissed with prejudice;

2.   That Plaintiff take nothing from Defendant;

3.   That Defendant recover attorneys' fees and costs of suit herein; and

4.   For other relief as is just and proper.

**Affirmation Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this 15th day of November, 2019.

DOTSON LAW

ROBERT A. DOTSON
Nevada State Bar No. 5285
JUSTIN C. VANCE
Nevada State Bar No. 11306
5355 Reno Corporate Dr., Ste 100
Reno, Nevada 89511
(775) 501-9400
Attorneys for Defendant,
Washoe County School District

DOTSON LAW
5355 RENO CORPORATE DR.
SUITE #100
RENO, NEVADA 89511

12

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of DOTSON LAW and that on this date I caused to be served a true and correct copy of the foregoing by:

☐   (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  At Dotson Law, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

☒   By electronic service by filing the foregoing with the Clerk of Court using the CM/ECF system, which will electronically mail the filing to the following individuals.

☐   (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the address(es) at the address(es) set forth below.

☐   (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

☒   Email.

addressed as follows:

Luke A. Busby
Luke Andrew Busby, Ltd.
316 California Ave., # 82
Reno, NV  89509
luke@lukeandrewbusbyltd.com

Katherine F. Parks
Thorndal, Armstrong, Delk,
Balkenbush & Eisinger
6590 S. McCarran Blvd. Ste B
Reno, NV  89509
kfp@thorndal.com

DATED this 15 day of November, 2019.

L. MORGAN BOGUMIL