Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendant
TRACI DAVIS

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRINA OLSEN,<br><br>Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; Washoe County School District Superintendent TRACI DAVIS; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.   3:19-cv-00665-MMD-WGC<br><br>**DEFENDANT TRACI DAVIS'S ANSWER TO AMENDED VERIFIED COMPLAINT** |

COMES NOW Defendant, TRACI DAVIS, by and through her attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in answer to Plaintiff's Verified Amended Complaint, hereby admits, denies, and alleges as follows:

### FIRST DEFENSE

**Arbitration Exemption**

1. Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Verified Amended Complaint.

**Jurisdiction and Venue**

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Verified Amended Complaint.

- 1 -

3. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

**Parties**

4. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

5. In answer to Paragraph 5 of Plaintiff's Amended Verified Complaint, the allegations contained therein do not appear to apply to this Defendant. To the extent the allegations of said paragraph do apply to this Defendant, Defendant denies the allegations contained therein.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Verified Amended Complaint.

7. Paragraph 7 of the Plaintiff's Verified Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendant. To the extent Paragraph 7 is deemed to contain factual allegations, Defendant denies said allegations.

8. Paragraph 8 of the Plaintiff's Verified Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendant. To the extent Paragraph 8 is deemed to contain factual allegations, Defendant denies said allegations.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Verified Amended Complaint.

/ / /

/ / /

**Allegations of Fact**

10.     Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

11.     Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

12.     Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

13.     Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

14.     Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

15.     Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

16.     Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

17. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

18. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

19. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Verified Amended Complaint.

21. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

22. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

23. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Verified Amended Complaint.

25. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraphs 25, 25a, 25b, 25c, and 25d of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

26. Paragraph 26 of Plaintiff's Verified Amended Complaint contains citations to a decision and award set forth as Exhibit 4 to the Verified Amended Complaint. Exhibit 4 speaks for itself.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Verified Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Verified Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Verified Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Verified Amended Complaint.

**CLAIMS FOR RELIEF**

**42 U.S.C. 1983 – VIOLATION OF DUE PROCESS**

**(PROTECTED PROPERTY INTEREST)**

**(Against Defendant Davis)**

31. In answer to Paragraph 31 of Plaintiff's Verified Amended Complaint, Defendant repeats and realleges each and every answer to Paragraphs 1 through 30 as though fully set forth herein at length.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Verified Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Verified Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Verified Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Verified Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Verified Amended Complaint.

## 42 U.S.C. 1983 – MONELL CLAIM

### (Against WCSD)

37. In answer to Paragraph 37 of Plaintiff's Verified Amended Complaint, Defendant repeats and realleges each and every answer to Paragraphs 1 through 36 as though fully set forth herein at length.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Verified Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Verified Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Verified Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Verified Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Verified Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Verified Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Verified Amended Complaint.

**VIOLATION OF DUE PROCESS – NEVADA CONSTITUTION**

**(Against All Defendants)**

45. In answer to Paragraph 45 of Plaintiff's Verified Amended Complaint, Defendant repeats and realleges each and every answer to Paragraphs 1 through 44 as though fully set forth herein at length.

46. Paragraph 46 of the Plaintiff's Verified Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendant. To the extent Paragraph 46 is deemed to contain factual allegations, Defendant denies said allegations.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Verified Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Verified Amended Complaint.

**TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY**

**(Against All Defendants)**

49. In answer to Paragraph 49 of Plaintiff's Verified Amended Complaint, Defendant repeats and realleges each and every answer to Paragraphs 1 through 48 as though fully set forth herein at length.

50. Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Verified Amended Complaint and, upon such basis, denies said allegations.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Verified Amended Complaint.

52.     Paragraph 52 of the Plaintiff's Verified Amended Complaint calls for a legal conclusion, not facts, which cannot be admitted or denied by Defendant.  To the extent Paragraph 52 is deemed to contain factual allegations, Defendant denies said allegations.

53.     Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Verified Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Verified Amended Complaint.

## SECOND DEFENSE

Plaintiff's Verified Amended Complaint on file herein fails to state a claim against Defendant upon which relief may be granted.

## THIRD DEFENSE

It has been necessary for Defendant to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendant as and for attorney's fees, together with her costs expended in this action.

## FOURTH DEFENSE

There has been an accord and satisfaction in reference to the claim which is the subject matter of the Plaintiff's Verified Amended Complaint.

## FIFTH DEFENSE

There has been payment and satisfaction in reference to the claim which is the subject matter of the Plaintiff's Verified Amended Complaint herein.

/ / /

### SIXTH DEFENSE

Plaintiff is constrained from invoking equitable jurisdiction and an equitable remedy because Plaintiff has not come before this Court with clean hands.

### SEVENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate her damages.

### EIGHTH DEFENSE

Plaintiff is estopped from asserting any cause of action whatever against Defendant.

### NINTH DEFENSE

Plaintiff, by her acts and conduct, has waived and abandoned any and all claims as alleged herein against Defendant.

### TENTH DEFENSE

An award of punitive damages against Defendant would be violative of the Fifth Amendment of the United States Constitution in that there is no assurance against multiple, unrestrained punishment in the form of punitive damages. Such an award of punitive damages would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

### ELEVENTH DEFENSE

An award of punitive damages against Defendant would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

### TWELFTH DEFENSE

An award of punitive damages against Defendant would constitute an undue burden upon interstate commerce and violate the interstate commerce clause of the United States Constitution, Art. I, §8.

**THIRTEENTH DEFENSE**

An award of punitive damages against Defendant would constitute an excessive fine violative of the Nevada Constitution, Art. I, §7.

**FOURTEENTH DEFENSE**

An award of punitive damages against Defendant should be barred since Plaintiff cannot establish that Defendant had an "evil mind" and "conducted herself in an aggravated and outrageous manner".

**FIFTEENTH DEFENSE**

The burden of proof on punitive damages should be by clear and convincing evidence.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of qualified immunity.

**SEVENTEENTH DEFENSE**

Plaintiff is barred from recovering damages against Defendant by her failure to exhaust administrative remedies.

**EIGHTEENTH DEFENSE**

Defendant's alleged actions and omissions were taken with due care in the execution of statutes and regulations and, therefore, Defendant is statutorily immune from suit.

**NINETEENTH DEFENSE**

Defendant's alleged actions and omissions occurred in the exercise or performance of discretionary functions and duties and, therefore, Defendant is statutorily immune from suit.

**TWENTIETH DEFENSE**

Defendant's alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

**TWENTY-FIRST DEFENSE**

Plaintiff's recovery of damages concerning Plaintiff's state tort claims are limited by the provisions of Chapter 41 of the Nevada Revised Statutes.

**TWENTY-SECOND DEFENSE**

On information and belief, Plaintiff failed to comply with the notice provisions of Chapter 41 of the Nevada Revised Statutes.

**TWENTY-THIRD DEFENSE**

Plaintiff's Amended Verified Complaint must be dismissed because Plaintiff did not, and does not, have a compensable property interest in the subject matter at issue.

**TWENTY-FOURTH DEFENSE**

Plaintiff's Amended Verified Complaint must be dismissed on the grounds that she lacks standing to sue under Article III of the United States Constitution and the Nevada Constitution.

**TWENTY-FIFTH DEFENSE**

No fundamental right is implicated by the conduct described in Plaintiff's Amended Verified Complaint.

**TWENTY-SIXTH DEFENSE**

Plaintiff is barred from recovering punitive damages in this case, under either state or federal claims for relief, by virtue of NRS 41.035 and 42 U.S.C. §1988.

**TWENTY-SEVENTH DEFENSE**

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's answer, and therefore Defendant reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendant prays:

1. That Plaintiff's Verified Amended Complaint be dismissed with prejudice and that she take nothing thereby;

2. That Defendant be awarded a reasonable attorney's fee and costs of suit; and

3. For such other and further relief as this Court deems just and proper.

DATED this 15th day of November, 2019.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By: ***/ s / Katherine F. Parks***
Katherine F. Parks, Esq.
State Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendant
Traci Davis

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **DEFENDANT TRACI DAVIS'S ANSWER TO AMENDED VERIFIED COMPLAINT** to be served on all parties to this action by:

_____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

__✓__ United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

_____ personal delivery

_____ facsimile (fax)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**Luke Andrew Busby, Ltd.**
**316 California Avenue**
**Reno, Nevada 89509**
***Attorney for Plaintiff***

**Robert A. Dotson, Esq.**
**Justin C. Vance, Esq.**
**Dotson Law**
**5335 Reno Corporate Drive, Suite 100**
**Reno, Nevada 89511**
***Attorneys for Washoe County School District***

DATED this 15th day of November, 2019.

*/ s / Sam Baker*
An employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER