# Exhibit 25

# Exhibit 25



**Washoe County School District**
425 East Ninth Street * P.O. Box 30425 * Reno, NV 89520-3425
Phone (775) 348-0200 * (775) 348-0304 * www.washoeschools.net

Board of Trustees: Katy Simon Holland, President * Malena Raymond, Vice President * John Mayer, Clerk *
Debra Feemster * Veronica Frenkel * Scott Kelley * Angela Taylor * Traci Davis, Superintendent

June 28, 2018

### USMAIL/CERTIFIED #70151660000006352091

Trina Olsen

██████████████
██████████████

RE:   **Notice of Recommended Dismissal**

Dear Ms. Olsen:

Be advised that pursuant to NRS 391.317 and the delegation of authority to the Superintendent to make all employee separation decisions from the Board of Trustees on February 14, 2006, I intend to recommend to the Superintendent that you be dismissed. The basis for this action is found in NRS 391.750, specifically:

(d) Insubordination; (c) Unprofessional Conduct; (k) failure to comply with such reasonable requirements as a board may prescribe; (p) Dishonesty; (u) Gross Misconduct; making false accusations toward your immediate supervisor; and Administrative Regulation 4425.

On July 26, 2017, an Investigatory/Due Process (IDP) meeting was held with you to hear your responses to allegations. With you and me at the meeting was Richard Swanberg, Area Superintendent and Alyson Kendrick, WSPA President. After investigating this matter, including hearing your responses, my findings are as follows:

It is alleged that you filed written false claims against your immediate supervisor, Principal Lauren Ford. You were asked specifically if you filed the staff complaint because you believed Principal Ford had returned drugs to a student. You indicated that you were reporting what was reported to you by the Dean of Students. On 6/29/17 when I met with you to discuss the staff complaint you indicated that the Dean said "The only reason I did it was because I saw Lauren do the same thing a while ago". I asked to clarify this meaning and you stated, "returning drugs to a student." In reality, you knew that the dean had returned the wallet to the student but most importantly had not issued a consequence/suspension. The Dean was concerned that this student, three weeks away from graduating, would not graduate. The Dean was referring to issuing a consequence to the student. What the Dean had observed was Principal Ford not issuing a consequence to another student who possessed marijuana as that student had served as an informant and had provided the school with the name of the student who was dealing the drugs on the campus.

In another complaint, you claimed that your immediate supervisor, Principal Lauren Ford, does not have the ability to evaluate an employee following WCSD administrative procedures. You indicated that you did not have a pre-observation meeting, a scheduled observation and no evaluation meeting or



EXHIBIT
6
Davis



OLSEN - 000005

discussions leading up to your final evaluation narrative. Additionally, you claim you did not have an opportunity for rebuttal of your evaluation.  However, there are dates, observation notes and sign offs for the 40th, 80th and 120th observation cycles. You had the opportunity to discuss your evaluation with your supervisor on April 17, 2017, and following a three-hour meeting on April 21, 2017, both you and your supervisor signed off on your evaluation. You did not exercise your right to provide a response to the evaluation until after filing a staff complaint in June, 2017.

You were directed to not discuss the pending investigative due process meeting with any staff members at Hug HS when you were temporarily reassigned to Traner MS.  On July 26, 2017 at the IDP meeting, I asked if you had any conversations with Hug High School staff members about the pending investigation. You indicated that you had spoken with Ryley Coker, but not about the investigation. On July 17, 2017 in a written statement from Ryley Coker, teacher at Hug HS, he indicated that you shared with him that the reason you were no longer at Hug HS was due to a testing violation mistake. Additionally, you told him that you were given more duties as an assistant principal than any other assistant principal in the District.  You also told him that should the District demote you, that you had an attorney on retainer. During the IDP, you indicated that you did not recall sharing anything with Ryley Coker, when in fact you had discussed the investigation with him.

In addition, shortly after the IDP meeting on July 26, 2017 you contacted Ryley Coker, again, and made very threatening and unprofessional comments to him about his loyalty and that you were always defending him with Principal Ford.

I find your responses to be less than credible and dishonest and your continued lack of leadership to use best practices with your subordinates and to follow well accepted management techniques is unacceptable for a person in your position.

I find that your conduct and actions above violates:
NRS 391.750, specifically: (d) Insubordination; (c) Unprofessional Conduct; (k) failure to comply with such reasonable requirements as a board may prescribe; (p) Dishonesty; (u) Gross Misconduct; making false accusations towards your immediate supervisor; and Administrative Regulation 4425.

Additionally, on July 19, 2017 you were issued a Letter of Admonition for the following specific causes:

It is alleged that you sent an email to all Hug staff on May, 11, 2017 that included secure testing materials, and student identifying information. During the IDP, you stated that "Yes it is true. It slipped my mind...I forgot I had sensitive items in the document."  After further investigation, it was confirmed that you sent the email to all Hug staff with secure testing information included.

It is alleged that you were dishonest with your supervisor about meeting with the department leaders to vet the testing schedule.  After further investigation, nine (9) department leaders stated that there was not a department lead meeting to discuss the testing schedule. Three (3) department leaders and one (1) other staff member indicated attending a meeting where a schedule was shown to them and no input was taken from them. Further investigation concludes that you were dishonest during the IDP meeting and with your supervisor about holding a department leader meeting to vet the testing schedule.

It is alleged that on Thursday, May 11, 2017 at 2:00 pm, you sent an email to only staff involved in proctoring the EOC exams explaining that you did not have to show the Test administrator test security NDE spring 2017 video to them in your meeting that they could watch it on their own. It is alleged that you did not verify with staff if they watched the video prior to proctoring the EOC exams on Monday, May 15, 2017. After further investigation, it is evident that you did not show the Test administrator test security NDE spring 2017 video and you did not verify that staff watched the video by having them complete the required form verifying that they had watched the video.

It is alleged that on the evening of Tuesday, May 16, 2017 you sent a text to Rhonda Clark and Brad Bodine stating, "I have been paper-thin for a while, at least I'll get some rest tonight. I really feel bad they won't let me finish it." After further investigation it was determined that you did send a text to Rhonda and Brad with the above statement. It is also evident by your statements, that you were relieved to be removed from testing. This further demonstrates your willful neglect or failure to observe and carry out the requirements of this title.

On July 19, 2017, you were issued a second Letter of Admonition for the following specific causes:

It is alleged that on Friday, April 7, 2017 you sent an email to Wendy Labon, Patrick Rossi and Patricia Newbrough giving a directive to issue a final and change a grade for the 14-15 school year violating administrative procedure 5504 and 5502. After further investigation as to you not having knowledge of the policy, statements reveal that you were informed that any grade change occurring outside the three week grading window must have principal and District approval. You even stated in the IDP meeting you understood the protocol.

It is alleged that you gave Sharon Black a notification of credit form to use to change a grade for the 15-16 school year, violating administrative procedure 5504 and 5502. After further investigation, regarding your argument that you were directed to see teachers in order to change grades, statements revealed that the directive given to everyone was that no student would receive credit. Principal Ford provided the forms to Brad Bodine with the directive that no student would receive credit. Further investigation as to your statement that you never signed approval for grade changes and only the principal could do so, Ms. Ford found eight such approvals signed by you.

It is alleged that you failed to get your supervisor's approval prior to putting in Lorrie Foley's evaluation that you recommended her to be placed on a Focused Assistance Plan (FAP). After reviewing the narrative, you-sent Ms. Ford an email on April 8th, regarding the FAP. In person and subsequent to your email, Ms. Ford stated that Lorrie Foley could not be placed on an FAP. In an email received on April 20th and in the meeting held on April 27th with Lorrie Foley, Elaine Lancaster, WEA Representative and your supervisor you stated that Laura Pincollini gave you guidance and you followed it, to include the FAP. Further investigation revealed that when your supervisor stated, "you do not have enough evidence to do an FAP." you assumed that this response was not a no to the FAP but questioning your evidence. Further investigation also indicates that you signed and finalized the evaluation for Lorrie Foley on April 12, 2017 without your supervisor's approval and prior to your email correspondence with Laura Pincollini.

OLSEN - 000007

It is alleged that you failed to supervise staff under your required supervision as demonstrated by: the list of students that Wendy Labon sent to Rise. After further investigation of your correspondence with Rise, your supervisor was not copied on any of the emails you or Wendy sent to Rise. Your email to Victor on April 7, 2017 indicates that the students listed were, "struggling and either failing all of their classes right now or have vanished." You did not indicate to the Rise principal that students were signing up by choice. It was further alleged your lack of attendance at Special Education teacher meetings and at Senior Special Education Action Committee (SSAC) meetings. You allegedly canceled meetings with the SPED department leaders from February 14th to the end of the school year because of the 3 weeks of testing.

I find that the violations above and your continued demonstration of dishonesty and your actions that fall within the definition of Gross Misconduct (pursuant to NRS 391.750) warrant the recommendation that you be dismissed from service with the District.

My recommendation to the Superintendent is that you be dismissed from service with the District effective **July 5, 2018.** If you wish to appeal this action, you will need to follow NRS 391.822 (attached document).

Sincerely,

Dr. Roger J. Gonzalez
Area Superintendent

cc:     Emily Ellison, Chief Human Resources Officer
        Virginia R. Doran, Director of Labor Relations
        Chris Reich, Deputy General Counsel
        Michael Langton, Esquire
        Selene Lewis, Human Resources Technician

**NRS 391.822   Written notice of intent to dismiss probationary employee required; contents of notice.**

   1.   If the superintendent intends to recommend the dismissal of a probationary employee to the board before the end of a contract year, the superintendent must provide written notice to the employee, by registered or certified mail, not less than 15 business days before making the recommendation to the board.

   2.   The written notice required pursuant to subsection 1 must:

   (a)  Include a statement of the reasons for the recommendation to dismiss the probationary employee;

   (b)  Inform the probationary employee that he or she may request an expedited hearing pursuant to the Expedited Labor Arbitration Procedures established by the American Arbitration Association or its successor organization, by filing a written request with the superintendent not later than 10 business days after receiving notice from the superintendent pursuant to subsection 1; and

   (c)  Include notice of the laws which govern the employment of a probationary employee of a school district which are contained in this chapter.

   3.   If a written request for an expedited hearing is not filed by the probationary employee pursuant to subsection 2, the superintendent may recommend the dismissal of the probationary employee to the board.

   (Added to NRS by 2017, 1190)

OLSEN - 000009