# Exhibit 37

Exhibit 37

**Washoe County School District**
425 East Ninth Street * P.O. Box 30425 * Reno, NV 89520-3425
Phone (775) 348-0200 * (775) 348-0304 * www.washoeschools.net

Board of Trustees:  Katy Simon Holland, President * Malena Raymond, Vice President * Angela Taylor, Clerk
* Jacqueline Calvert * Andrew Caudill * Scott Kelley * Ellen Minetto * Traci Davis, Superintendent

January 24, 2019

Dear Ms. Olsen:

In response to your email and public comments from January 15, 2019, the Washoe County School District (District) provides this response.

The Board of Trustees and Superintendent take your allegations regarding the denial of due process of the law seriously, and we are conducting an independent review of our procedures and will use this case to strengthen our procedures, if needed.

Due process is notice of the allegations against you, the right to respond, and representation, if desired. The District follows the processes established by state and federal law, its policies, processes, and procedures as well as labor contracts. Specifically, the District placed you on notice of the five issues in your first letter of admonition, the six allegations in your second letter of admonition, and the allegations in your recommendation of dismissal. For all of these allegations, you received the opportunity to respond at multiple investigatory due process meetings. At those meetings, the ability to bring counsel was known to you and made available. After the completion of the investigations, the Administrators made their decisions. You appealed the two letters of admonition to the Superintendent level of the grievance process, where you received further consideration. This is due process.

Regarding the dismissal, you chose to take this matter to the expedited arbitration process under NRS 391.822. This too is due process. You also chose to combine an appeal of your two letters of admonition with the dismissal arbitration. In your case, the arbitrator disagreed with the position of District administrators, and *recommended*, among other items, your re-instatement and back pay. It is important to note that the "Expedited Labor Arbitration Procedures" found in NRS 391.822(2)(b) do not require the District to follow this arbitrator's decision. However, the District respects the process found in NRS 391.822 and followed the arbitrator's decision. As a result, you received all the process that was due regarding your employment discipline issues.

With regard to your continued allegations of a "gag order," that is simply not the case. The District never ordered you not to speak, which would be a gag order. Since the law did not require the District to accept the arbitrator's decision, the District thought it was in the best interest of both parties as well as your co-workers to work cooperatively in not discussing confidential employee matters in public, thus, the suggestion of a non-disparagement clause. This is in the best interests of all those involved in order to get back to the business of educating students.




OLSEN - 000057

Your statements have led to inquiries and allegations that the WCSD Police Department uses students as "criminal informants" in its criminal investigations. "Criminal informants" are those who work with law enforcement to inform on other criminal actors in order to receive a more lenient sentence for themselves. Former Area Superintendent Gonzalez's letter dated June 28, 2018 did use the term "informant," but he did so in the lay sense of the word and not the criminal sense. To be clear, the District does not use students as criminal informants.

With regard to your continued assertion that the District returned drugs to students, the District is not going to provide all the facts surrounding the students in your case because we owe them confidentiality. However, drugs were *never* returned to either of these students, and the arbitrator's decision is even confused over this issue contradicting itself in parts. The District may have considered lesser discipline for students who may have possessed miniscule amounts of substances that may or may not be drugs, who immediately recognized the problems with their actions, apologized, and after the fact, provided information to law enforcement. The issue here is one of discipline for the student, and if any drugs existed, the appropriate Administrator turned them over to law enforcement. <u>To be clear, it would be defamation to state otherwise.</u>

Finally, the District, to its detriment, treated your issue as a confidential employee matter and refused to comment publicly on the issue. You waived any rights to confidentiality by repeatedly disclosing information to the public through the press and other sources. <u>These actions may lead the District to consider exercising its rights to defend itself in public, if necessary.</u>

We look forward to a successful spring semester for you, our students, families, employees, and the District. We wish you all the best at Wooster High School and hope that we can work together to educate our students.

Sincerely,

Katy Simon Holland
President
Board of Trustees

Traci Davis
Superintendent
Washoe County School District

c:   Board of Trustees
     Kristen McNeill, Deputy Superintendent