ROBERT A. DOTSON
Nevada State Bar No. 5285
JUSTIN C. VANCE
Nevada State Bar No. 11306
DOTSON LAW
5355 Reno Corporate Dr., Ste 100
Reno, Nevada 89511
Tel: (775) 501-9400
Email: rdotson@dotsonlaw.legal
       jvance@dotsonlaw.legal
Attorneys for Defendant,
Washoe County School District

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRINA OLSEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; Washoe County School District Superintendent TRACI DAVIS; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 3:19-cv-00665-MMD-WGC<br><br>**DEFENDANT WASHOE COUNTY SCHOOL DISTRICT'S MOTION FOR ATTORNEY'S FEES** |

Defendant WASHOE COUNTY SCHOOL DISTRICT ("Defendant" and/or "WCSD"), by and through its counsel of record, DOTSON LAW, hereby files this Motion for Attorney's Fees and Costs. This Motion is based upon FRCP 54, 42 U.S.C. § 1988(b), the following Memorandum of Points and Authorities, the papers, exhibits, and affidavits filed herein, and any additional information the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Through their cross motions for summary judgment, the parties have set forth the facts of the case *ad nauseam*, and another recitation would be inefficient and unnecessary. Following the parties' cross motions for summary judgment, the Court granted Defendant's Motion for Summary Judgment in its entirety (*see* Order, ECF No. 66) and filed the Judgment on the same date (*see* Judgment, ECF No. 67). Defendant Washoe

County School District, a local political subdivision which relies heavily on tax-payer money to meet the needs of the children it is charged with educating, expended a significant amount in attorney's fees and costs to defend against this lawsuit and therefore as set forth below, seeks the recovery of those fees.[1]

## II. LEGAL ARGUMENT

With respect to a claim brought under 42 USC § 1983, "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs…" In the present action, Plaintiff clearly brought claims pursuant to 42 USC § 1983 as she alleged violations of due process and a *Monell* claim. (*See* ECF 1-1 at pp. 85-107, Amended Verified Complaint at ¶¶ 31-44.) The statute clearly applies to awards for defendants in addition to plaintiffs. *See Lotz Realty Co. v. U.S. Dep't of Hous. & Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983).

In determining whether to award fees in favor of a prevailing defendant, courts must follow the standard set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694 (1978) which is that the plaintiff's action must be found to be "frivolous, unreasonable, or without foundation." *Lotz Realty Co.*, 717 F.2d at 932, citing *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700. While *Christiansburg* involves a claim under the Civil Rights Act rather than a § 1983 claim, the United States Supreme Court has confirmed that "[t]he legislative history of § 1988 indicates that Congress intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); *see also Munson v. Milwaukee Bd. of Sch. Directors*, 969 F.2d 266, 272 (7th Cir. 1992) (confirming that all statutes in which Congress has authorized a fee award to a prevailing party should be interpreted according to the same general standards). Thus, the *Christiansburg* standard applies here as well.

A claim for attorneys' fees must be made by motion within 14 days of the entry of judgment. *See* FRCP 54(d)(2). As Judgment was filed on February 17, 2021 [*see* ECF

---

[1] A Bill of Costs is being filed separately but concurrently herewith.

No. 67], this motion is timely. Additionally, attorney's fees are allowed for the pendent state law claims which were dismissed and which were based upon the same common core of facts. *See Munson v. Milwaukee Bd. of Sch. Directors*, 969 F.2d 266, 271–72 (7th Cir. 1992). Here, Plaintiff's emphasis was her due process and *Monell* claims under 42 U.S.C. § 1983, but her Nevada constitutional claim and tortious discharge claim were based upon the same set of facts – that is, her allegedly wrongful termination. For the reasons set forth below, WCSD's Motion for Attorneys' Fees should be granted.

### A.    Defendant should be entitled to recover its attorneys' fees against Plaintiff.

As stated above, attorney's fees are available to the prevailing defendant under 42 USC § 1988 where a plaintiff's claims are found to be "frivolous, unreasonable, or without foundation." *Lotz Realty Co.*, 717 F.2d at 932, citing *Christiansburg,* 434 U.S. at 421, 98 S.Ct. at 700. Importantly, subjective intent is irrelevant, and the Court should "examine the suit against the background of the law at the time of filing and the facts then known to [Plaintiff]." *Lotz Realty Co.*, 717 F.2d at 932. As will be set forth below, the critical material facts which ultimately led to summary judgment in Defendant's favor – that is, that Plaintiff had been reinstated with backpay even before the suit was filed, were known to Plaintiff at the time she filed suit and the law was the same then as it was when the Court entered summary judgment based upon that dispositive fact.

In discussing the notably strict standard that applies to defendants seeking to recover attorneys' fees, the *Christiansburg* court confirmed that Congress did <u>not</u> intend that attorneys' fees to prevailing defendants would only be permitted in a situation involving bad faith. *Christiansburg*, 434 U.S. at 419-421, 98 S. Ct. at 699-700; *see also Hamer v. County of Lake*, 819 F.2d 1362, 1366 (7th Cir.1987). *Christiansburg* also provides important insight into the purpose behind allowing prevailing defendants to recover attorneys' fees. It stated:

> A fair adversary process presupposes both a vigorous prosecution and a vigorous defense. It cannot be lightly assumed that in enacting § 706(k), Congress intended to

> distort that process by giving the private plaintiff substantial incentives to sue, while foreclosing to the defendant the possibility of recovering his expenses in resisting even a groundless action unless he can show that it was brought in bad faith.

*Christiansburg*, 434 U.S. at 419, 98 S. Ct. at 699. The court further discussed the legislative history and the Senate floor discussions which took place in discussing similar attorneys' fees provisions and found that several Senators explained that the allowance of fees to a prevailing defendant would "deter the bringing of lawsuits without foundation," "discourage frivolous suits," and "diminish the likelihood of unjustified suits being brought." *Id.* at 420, 98 S.Ct. at 699-700.

> If anything can be gleaned from these fragments of legislative history, it is that while Congress wanted to clear the way for suits to be brought under the Act, <u>it also wanted to protect defendants from burdensome litigation having no legal or factual basis.</u>

*Id.* (emphasis added.) *Christiansburg* cited the D.C. Circuit's conclusion that Congress felt it was "equally important…to deter the bringing of lawsuits without foundation by providing that the prevailing party – be it plaintiff of defendant – could obtain legal fees." *Id.*, citing *Grubbs v. Butz*, 179 U.S.App.D.C. 18, 20, 548 F.2d 973, 975 (D.C. Cir. 1976) (internal quotations omitted).

*Christiansburg* also provides excellent insight into the reasons why a plaintiff's failure to prevail does not automatically mean his or her claim is meritless and subject to an award of attorneys' fees. The court stated that "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700; *see also Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L. Ed. 2d 163 (1980) (a case is "meritless" when it is groundless or without foundation.) In discussing the differences between a case that is without foundation and one where the plaintiff simply did not prevail, *Christiansburg* discusses how "the course of litigation is rarely predictable" and points out that "[d]ecisive facts may not emerge until discovery or trial" and that "the law may change or clarify in the midst of litigation." *Christiansburg*, 434 U.S. at 421-422, 98

S.Ct. at 700. Importantly, this concept discussed by the *Christiansburg* court is not applicable here as the decisive facts did not wait until discovery to emerge; rather, they were known by Plaintiff and all parties from the outset of this litigation and should have precluded filing of the suit to begin with.

### 1. Plaintiff's suit against WCSD was objectively groundless, unreasonable, and/or without foundation based upon the facts that were known to her at the time of filing.

The Ninth Circuit found attorney's fees in favor of a defendant to be appropriate where "the substantive position of the [plaintiff] is devoid of legal merit." *Elks Nat. Found. v. Weber*, 942 F.2d 1480, 1486 (9th Cir. 1991). In *Galen v. County of Los Angeles*, the Ninth Circuit upheld an award of attorneys' fees against a Plaintiff who continued to assert a *Monell* claim despite his failure to uncover any evidence during discovery to support the claim. *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667–68 (9th Cir. 2007). In that situation, it was not necessarily apparent at the outset of the litigation that the claim was groundless but it did become evident with the help of discovery. However, the Eastern District of California found that where "plaintiffs knew or should have known that their § 1983 claims lacked merit at the outset of litigation, defendant is entitled to recover attorney's fees under § 1988." *Crane-McNab v. Cty. of Merced*, 773 F. Supp. 2d 861, 882 (E.D. Cal. 2011).

In this case, Plaintiff did not need to conduct discovery to learn that her claims against Davis and WCSD were groundless, unreasonable, and without foundation. Rather, the facts upon which her claims turned were already established and undisputed at the time she filed her Complaint. As set forth in WCSD's Motion for Summary Judgment [ECF No. 57] and Reply in Support thereof [ECF No. 64], Plaintiff's federal and state due process claims and *Monell* claim all depended on whether there was a deprivation of a property interest – that interest being Plaintiff's employment with WCSD. In its Order, the Court confirmed that to prevail under a due process claim a plaintiff has to prove that he or she was "deprived of a right secured by the Constitution..." (*See* Order [ECF No. 66] at 10:8-11.) The Court also recognized that Plaintiff's claimed property interest was her job.

(*Id.* at 11:5-6.) Thus, the critical facts upon which Plaintiff's claim turned were the extent to which she had been deprived of her job. But at the time of filing, Plaintiff already knew she had not been deprived of this property interest. She admitted that she was, at that time, "currently an assistant principal with WCSD" and had been reinstated and "provided back pay and benefits." (*See* ECF 1-1 at pp. 85-107, Amended Verified Complaint at ¶¶ 4; 27.) Plaintiff also knew that she had participated in a post-termination proceeding, the arbitration, which led to her reinstatement. (*Id.* at ¶¶ 25-27.) Additionally, the case law which mandates dismissal where a party has been reinstated with back pay was not new, but existed at the time Plaintiff filed. *See Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985); *Workman v. Jordan*, 32 F.3d 475, 479-480 (10th Cir. 1994); *Santa Ana Police Officers Ass'n v. City of Santa Ana*, 723 F.App'x 399, 402-403 (9th Cir. 2018). The *Monell* claim and Nevada due process claims turned on the same analysis of whether Plaintiff was deprived of a constitutional right. (*See* Order [ECF No. 66] at 15:14-16:4.)

The facts which supported the dismissal of the tortious discharge claim, and which were well-known to Plaintiff at the time she filed her Complaint, is her reporting of the alleged unlawful activity to Roger Gonzalez, who was not an official outside of the WCSD's organization. (*See id.* at ¶¶ 18; 50.) The case law mandating dismissal where an employee fails to report to appropriate outside authorities was also well-established by the time Plaintiff filed her Complaint. *See Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293, 774 P.2d 432, 433 (1989), *Colagiovanni v. CH2M Hill, Inc.*, 2015 WL 1334900, at *9 (D. Nev. 2015).

In *Head*, the Ninth Circuit found that the assertion of a constitutional clam based upon a property interest that did not exist was "legally groundless" and "frivolous as a matter of law," thus entitling the defendants to an award of attorney's fees. *Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995). Here, Plaintiff's claim was based upon an alleged deprivation which had not occurred and should also be found to be "legally groundless."

In determining whether a suit is frivolous, unreasonable or groundless, the Seventh Circuit has identified the following relevant factors: (1) whether the issue is one of first impression requiring judicial resolution; (2) whether the controversy is sufficiently based upon a real threat of injury to the plaintiff; (3) whether the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines; and (4) whether the record would support such a finding. *Munson v. Friske*, 754 F.2d 683, 696–97 (7th Cir. 1985). Here, as noted above with the citation of case law, these issues were certainly not issues of first impression. Also, since Plaintiff had already been reinstated with back pay, there was no real threat of injury to her. This fact also supports a finding that filing the lawsuit was unreasonable. Finally, while this Court's Order [ECF No. 66] does not explicitly find the suit was frivolous, it certainly recognizes its failure as a matter of law based upon those same undisputed facts which have been known since the beginning and the record would clearly support such a finding.

      **a.**      **There is no basis for an argument on the potential "chilling effect" of an award of fees to Defendant.**

In opposing this motion, Plaintiff may argue that the award of attorneys' fees would have a chilling effect on the filing of due process claims. Importantly, as set forth above, Congress's intent in making Section 1988 applicable to prevailing defendants was in fact to "protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg*, 434 U.S. at 420, 98 S.Ct. at 700. Regarding the potential for a chilling effect, the Fourth Circuit astutely noted that "[w]hen a court imposes fees on a plaintiff who has pressed a 'frivolous' claim, it chills nothing that is worth encouraging." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Here, if anything, an award of attorney's fees to Defendant would serve to protect defendants from meritless litigation being filed in the future.

**B.**      **This motion is appropriately filed under FRCP 54(d)(2) and satisfies the *Brunzell* factors for reasonableness.**

Under FRCP 54(d)(2), a claim for attorney's fees must (1) be made by motion within 14 days of entry of judgment, (2) specify the judgment and the statute entitling the

movant to the award, (3) state the amount sought, and (4) disclose, "if the court so orders," the terms of any agreement about fees for the services for which the claim is made.

Here, this request is brought by motion within 14 days of the judgment and Defendant has set forth the statute entitling it to the award. Defendants seek an award of $116,974.75, which is an accurate representation of the services provided by Dotson Law in the defense of this case pursuant to its contractual arrangement with WCSD. (*See* Affidavit of Robert A. Dotson ("Dotson Aff." at ¶ 4 and ¶ 6.) The redacted invoices supporting this amount are attached as **Exhibit 1** to the Dotson Aff. It is respectfully submitted that the fees expended were reasonable and necessary. (Dotson Aff. at ¶¶ 7-8; Affidavit of Justin Vance ("Vance Aff.") at ¶ 4.)

It is well-settled in Nevada that the Court must consider the following factors in making a determination as to the reasonableness of the amount of attorney's fees requested: (1) the qualities of the advocate, i.e., his ability, training, education, experience, professional standing and skill, (2) the character of the work to be done, i.e., its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of the parties when they affect the importance of the litigation, (3) the work actually performed by the lawyer, i.e., the skill, time and attention given to the work; and (4) the result, i.e., whether the attorney was successful and what benefits were derived. *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349-350, 455 P.2d 31, 33 (1969); *see also, Schouweiler v. Yancey Co.*, supra., 101 Nev. 827, 832, 712 P.2d 786 (1985). As indicated by the Affidavits of Counsel, the requested fees are both reasonable and necessarily incurred, particularly in light of an analysis of the Brunzell factors relative to this case.

Lead counsel Robert Dotson has in excess of 25 years of experience as a trained and successful litigator. (*See* Affidavit of Robert A. Dotson ("Dotson Aff.") at ¶ 9; *see also* Biographical Statement of Robert Dotson attached as **Exhibit 2** to Dotson Aff.) Likewise, Dotson Law associate Justin Vance completed much of the work on the case. He has over 12 years of litigation experience and is an accomplished lawyer in his own

right. (Vance Aff. at ¶ 4-6.) Mr. Dotson has a longstanding relationship with WCSD, having represented it in a number of matters and provides it discounts due to the nature of the entity. (Dotson Aff. at ¶ 8.) Additionally, the work to be done involved complex constitutional claims asserted against the Washoe County School District, the review of a significant number of documents, and significant legal research in order to oppose and support various motions. (*Id.*) Third, Dotson Law performed a high volume of work in defending this suit as evidenced by the fees totaling $116,974.75 which represent 479.80 hours of work. (Dotson Aff. at ¶ 4.) The nature of the case was such that significant skill and attention had to be devoted to the case. (Vance Aff. at ¶ 6.) Finally, counsel was ultimately successful in obtaining summary judgment in favor of Defendants on each of Plaintiff's claims.

In support of this Motion, Defendants herewith submit documentation in accordance with FRCP 54 (d)(2)(B)(iii) which includes redacted invoices attached as **Exhibit 1** to the Dotson Affidavit. Because the records are detailed, certain entries reflect the subject of confidential attorney-client communications, attorney work product and other confidential matters. Therefore, the invoices have been redacted to protect work product and preserve privilege. As indicated by the Affidavit of Counsel, Answering Defendants have incurred $116,974.75 since the initiation of the litigation through February 2021. (*See* Dotson Aff. at ¶ 4.)

It is respectfully submitted that the fees sought based upon the efforts of defense of the case by Dotson Law, totaling $116,974.75, are very reasonable in light of the work completed, the discounted rate provided, and in consideration of the Brunzell factors.

///
///
///
///
///
///

## III. CONCLUSION

For the reasons set forth above, Defendant Washoe County School District respectfully requests that the Court award it attorneys' fees in the amount of $116,974.75.

DATED this 2nd day of March, 2021.

          DOTSON LAW

          */s/ Robert A. Dotson*

          ROBERT A. DOTSON
          Nevada State Bar No. 5285
          JUSTIN C. VANCE
          Nevada State Bar No. 11306
          5355 Reno Corporate Dr., Ste 100
          Reno, Nevada 89511
          (775) 501-9400
          Attorneys for Defendant,
          Washoe County School District

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of DOTSON LAW and that on this date I caused to be served a true and correct copy of the foregoing by:

☐ (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Dotson Law, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

☒ By electronic service by filing the foregoing with the Clerk of Court using the CM/ECF system, which will electronically mail the filing to the following individuals.

☐ (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the address(es) at the address(es) set forth below.

☐ (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

☒ Email.

addressed as follows:

Luke A. Busby
Luke Andrew Busby, Ltd.
316 California Ave., # 82
Reno, NV 89509
luke@lukeandrewbusbyltd.com

Katherine F. Parks
Thorndal, Armstrong, Delk,
Balkenbush & Eisinger
6590 S. McCarran Blvd. Ste B
Reno, NV 89509
kfp@thorndal.com

DATED this 2nd day of March, 2021.

*/s/ L. Morgan Bogumil*
L. MORGAN BOGUMIL