1  LUKE A. BUSBY, ESQ.
   Nevada Bar No. 10319
2  316 California Ave.
   Reno, Nevada 89509
3  775-453-0112
   luke@lukeandrewbusbyltd.com
4
   *Attorney for the Plaintiff*
5
                    **UNITED STATES DISTRICT COURT**
6
                        **DISTRICT OF NEVADA**
7
                                  * * *
8
   TRINA OLSEN,
9
                        Plaintiff,          Case No.: 3:19-cv-00665-MMD-WGC
10  vs.
11  WASHOE COUNTY SCHOOL            **RESPONSE IN OPPOSITION TO**
    DISTRICT, a political subdivision of the   **MOTION FOR ATTORNEY'S FEES**
12  State of Nevada; Washoe County School
    District Superintendent TRACI DAVIS;
13  and DOES 1 through 10, inclusive,
14                      Defendants.
    _____/
15
16          COMES NOW, TRINA OLSEN, ("Olsen" or "Plaintiff"), by and through the
17
    undersigned counsel, and files the following Response in Opposition to the Motion
18
    for Attorney's Fees (Doc. #57) filed by Defendant WASHOE COUNTY SCHOOL
19
    DISTRICT, a political subdivision of the State of Nevada ("WCSD") on March 2,
20
    2020.
21
                **MEMORANDUM OF POINTS AND AUTHORITIES**
22
            WCSD makes the following basic arguments in its Motion: (1) Attorney's fees
23
    are available to WCSD based on 42 U.S.C. 1988 because the Plaintiff's claim was
24
    "frivolous, unreasonable, or without foundation;" and (2) WCSD is entitled to
25
    attorney's fees pursuant to the provisions of FRCP 54(d)(2) and the factors
26
    outlined in the *Bruznell* decision.  The Plaintiff will address these arguments in turn
27
    below.
28
                                     1

The Court is well aware of the factual underpinnings of Olsen's claim as described in her Motion for Summary Judgment (Doc. #37), her Reply thereto (Doc. #50), and Olsen's Response in Opposition to WCSD's Motion for Summary Judgment (Doc. #60). This Motion is made and based upon all of the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth hereat in haec verba), if any there be.

***The basis for dismissal of the Plaintiff's claims by the Court does not rise to the level that would justify and award of Attorney's Fees under 42 U.S.C 1988 - There are no "exceptional circumstances" here***

The 9th Circuit has repeatedly held that, under 42 U.S.C. 1988, "fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); see also *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1036 (9th Cir. 2005); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 202 (9th Cir. 1989). "The mere fact that a defendant prevails does not automatically support an award of fees. A prevailing civil rights defendant should be awarded attorney's fees not routinely, not simply because [the defendant] succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious." *Patton v. Cty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (citations and internal quotation marks omitted); see also *Kentucky v. Graham*, 473 U.S. 159, 165 n.9 (1985); *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011); *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 971–72 (9th Cir. 2011*); Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010); *Gibson v. Office of Att'y Gen., Cal.*, 561 F.3d 920, 929 (9th Cir. 2009); *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006); *Manufactured Home Cmtys. Inc.*, 420 F.3d at 1036; and *Thomas v. City of Tacoma*, 410 F.3d 644, 647–

48 (9th Cir. 2005).  A case is considered "frivolous" in the Ninth Circuit when the result is obvious, or the arguments are wholly without merit.  *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005).

WCSD, in support of its Motion, cites cases from other Circuits, which conflict with the high standard established by the 9th Circuit above.  For example, on page 6 line 21 of WCSD's Motion, WCSD quotes *Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995) in support of the proposition that the 9th Circuit found that a civil rights claim based upon a claim to a property interest that did not exist was frivolous. However, *Head* is a 11th Circuit case, is not controlling here, and in this case this Court agreed with Olsen and found that Olsen did have a property interest in her position at WCSD, so the analysis therein is not applicable here.

In the forty-three-year-old Supreme Court case repeatedly cited by WCSD in its Motion, *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 415, 98 S. Ct. 694, 697 (1978), a Title VII plaintiff's claim was dismissed on summary judgment where the Court found that the Plaintiffs claim had not been pending, and as such she was attempting to pursue a case despite clearly being excluded from doing so by statute. Despite this, the District Court denied the motion for attorney's fees and the Supreme Court affirmed the judgment of the Court of Appeals upholding the decision of the District Court, finding that 42 U.S.C. 1988 generally does not require plaintiffs in civil rights cases to pay attorney's fees. *Id.*

Olsen's case presented a novel question to the Court, which was, when a Nevada public school employee is fired despite a statute requiring that she be provided with a hearing before such a firing take place, does her being terminated before the hearing violate her Due Process rights under the 14th Amendment to the US Constitution and the Due Process Clause of the Nevada Constitution. Olsen also presented numerous facts to substantiate her Due Process claims, i.e. that Olsen was terminated on grounds that had been dismissed in previous hearings, and brand new grounds for which she was never provided a hearing.  (See Doc. #

60, generally). In other words, Olsen was not provided with notice, a hearing, or an opportunity to be heard on the renewed, previously dismissed, or new allegations of misconduct against her before she was terminated.  The Plaintiff relied on well-established precedent in making this case that due process required that she be provided with a pre-termination hearing on all of the grounds being used against her before she was terminated. *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  Other courts have held that even a 16-day suspension without pay is a deprivation of employment that implicates the protections of due process. *Eldridge-Murphy v. Clark Cty. Sch. Dist.,* No. 2:13-cv-02175-JCM-GWF, 2015 U.S. Dist. LEXIS 5621, at *9 (D. Nev. Jan. 14, 2015) citing *Assoc. for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011).

Olsen's claim under the Nevada Constitution is similarly well-grounded in precedent, as public employees who may be terminated only for just cause have a constitutionally protected property interest and are entitled to due process before being deprived of that interest.  *Pressler v. City of Reno*, 118 Nev. 506, 511, 50 P.3d 1096, 1098 (2002).  That this Court disagreed on these points and ruled against Olsen does not render her claim frivolous or groundless.

WCSD admitted in its Motion for Summary Judgment that WCSD violated the provisions of NRS 391.824, and in this Court's Order granting summary judgment to WCSD this Court agreed, finding that the Olsen was correct that WCSD fired her in violation of NRS 391.824. (Doc. #66 at 23). However, the Court was not persuaded that violation of NRS 391.824 constituted a violation of Olsen's due process rights under the US nor Nevada Constitution. To the undersigned counsel's knowledge, this is the first time any court in Nevada has interpreted a violation of the statutory procedural right in NRS 391.824 under Nevada law in this manner.

At the end of the day, this Court found that the fact that Olsen had received back pay weighed in favor of a finding that she received due process, citing *Russo v. Clark Cty. Sch. Dist.*, Case No. 2:17-cv-805-JCM-VCF, 2019 WL 1359263, at *5

(D. Nev. Mar. 26, 2019), appeal dismissed, Case No. 19-15744, 2019 WL 3059950 (9th Cir. July 5, 2019).  The fact that the Court was required to weigh whether Olsen's claim should be permitted to proceed means that Olsen's claim was based on non-frivolous grounds.  This case comes nowhere near the "exceptional circumstances" required in the 9th Circuit for a defendant to prevail on a motion for attorney's fees under 42 U.S.C. 1988.

Further, nowhere in this Court's Order granting summary judgment to WCSD does the Court intimate that Olsen's claim was "unreasonable, frivolous, meritless, or vexatious."  To the contrary, the Court carefully weighed the facts and determined, as a matter of law, that Olsen's deprivation, i.e. being terminated and expending attorney's fees and costs to fight her unlawful termination, did not rise to the level of depravation required to prevail on her procedural due process claims.  (Doc. #66 at 12).  In *Patton v. Cty. of Kings*, 857 F.2d at 1380, the court granted defendants' motion for summary judgment where a plaintiff failed to allege deprivation of a liberty or property interest, found that plaintiff's action was groundless, and awarded defendants attorney's fees.  In *Edgerly v. City & Cty. of S.F.*, 599 F.3d at 953, the 9th Circuit upheld the granting of a defendant's motion for sanctions against a plaintiff and his attorney under 42 U.S.C 1988, upholding a finding that they filed two frivolous motions for reconsideration of the court's summary judgment ruling.  There are no analogous finding here that would justify a similar finding in Olsen's case, and the Court should not make any here.  Further, the Court found for Olsen on at least two hotly contested point in the motions for summary judgment, that Olsen had a protected property interest in her job at WCSD (Doc. #66 at 11:11), and that, "Plaintiff persuasively responds to Defendants' evidentiary objection that the substance of the evidence presented in her exhibits would be admissible at trial."  *Id.* at 9:26.

For her tortious discharge claim, Olsen also had good faith grounds to support her claim, and her claim was far from frivolous or groundless.  In

addressing the incident involving the marijuana at issue, the Arbitrator's decision made plain that WCSD retaliated against Olsen and fired her for reporting that she had been made aware that WCSD employees were allegedly engaged in inappropriate activities involving drugs at school: Doc. #37-33 at 32: "Olsen reported a hearsay statement and expected a fair investigation, and instead was terminated. This discipline is retaliatory and overly punitive."  Olsen did not report the alleged misconduct at issue to her "supervisor" Ford in a private or proprietary manner, but rather to Gonzalez, a public official and the Area Superintendent for WCSD.  While this court found that Olsen failed to report the matter to someone outside of her organization, this is also a gray area subject to disputes under which reasonable minds can disagree. Doc. #66 at 18.

For example, because Olsen worked for WCSD, which is a political subdivision of the State of Nevada, she arguably could not have reported the issue to any person employed by the State of Nevada because as a technical matter all state employees are under the same "organization."  This issue was also novel, because, as Olsen argued, the Nevada Supreme Court has not drawn clear lines in cases where a government agency or a government employee is at issue in a tortious discharge claim – only that reporting illegal activity to one's supervisor in a private company is not sufficient and that one must report illegal activity to the "appropriate authorities."  *Wiltsie v. Baby Grand Corp.*, 774 P.2d at 433 (1989).  While drawing this distinction in a private company is relatively easy, doing so for a public employee is more difficult given the entangled nature of the organization of the state.  Olsen had a good faith and non-frivolous argument that she reported the marijuana issue to a person outside of her workplace (Hug High), and therefore she would be protected by Nevada's tortious discharge claim provisions.  Again, the mere fact that WCSD prevailed on this claim at summary judgment does not automatically support an award of fees or mean that her claim was frivolous or unfounded, as WCSD asserts.

***WCSD's Motion does not meet the requirements of LR 54-14 or the Brunzell factors***

WCSD bases its analysis of whether attorney's fees sought are reasonable according to the standard adopted by the Nevada Supreme Court in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (Nev. 1969) (quoting *Schwartz v. Schwerin*, 336 P.2d 144, 146 (Ariz. 7 1959)): (1) the qualities of the advocate: his ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of the parties when they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; and (4) the result: whether the attorney was successful and what benefits were derived. Under the lodestar approach sought here by WCSD, the Court takes the hours reasonably worked on the case and multiplies it by the customary rate for attorneys in the area. *Herbst v. Humana Health Ins*., 105 Nev. 586, 781 P.2d 762 (1989), however, WCSD did not present any evidence in its motions sought were reasonable or are customary for attorneys in the area, which are usually presented in the form of declarations from other attorneys showing that the requested amount is reasonable customary. Further, the Affidavit of Mr. Vance filed along with the Motion (Doc. #71) does not contain the information required under *Brunzell* factor No.1, that is, qualities of the advocate: his ability, training, education, experience, professional standing and skill, which is usually presented in the form of a detailed resume and case history.  Mr. Dotson's resume is attached to his Affidavit in Doc. #72, and in all fairness, demonstrates that Mr. Dotson is qualified for the rate claimed.

Further, according to Local Rule ("LR") 54-14(a)(3), a motion for attorney's fees "must include" the following elements: a brief summary of: (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform

the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.  LR 54-14 provides clear guideposts as to what the Court expects to see when evaluation a motion for attorney's fees, and WCSD's Motion disregarded this rule (it is not mentioned) and does not include many of the elements required to be addressed.

Specifically, WCSD never expressly addresses the following elements of LR 54-14(a)(3): Element (C), the novelty and difficulty of the questions involved; Element (E), the preclusion of other employment by the attorney due to acceptance of the case; Element (F), the customary fee; Element (H), the time limitations imposed by the client or the circumstances; Element (J), the undesirability of the case; and, Element (L), awards in similar cases.  According to LR 54.14(c), Failure to provide the information required by subsections (b) and (c) (presumably LR 54-14(a)(3) "B" and C") in a motion for attorney's fees may be deemed a consent to the denial of the motion.  In addition to the arguments made above, because WCSD did not include the information required by LR 54.14(a)(3), the motion should be deemed denied.

WHEREFORE, Olsen requests that the Court deny WCSD's Motion for Attorney's Fees.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DATED** this Wednesday, March 3, 2021:

By:_____

LUKE BUSBY, ESQ.

NEVADA STATE BAR NO. 10319

316 CALIFORNIA AVE.

RENO, NV 89509

775-453-0112

LUKE@LUKEANDREWBUSBYLTD.COM

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing pleading by:

_____        personally delivering;

_____        delivery via Reno/Carson Messenger Service;

_____        sending via Federal Express (or other overnight delivery service);

_____        depositing for mailing in the U.S. mail, with sufficient postage affixed
                thereto; or,

\_\_\_X\_\_\_        delivery via electronic means (fax, eflex, NEF, etc.) to:

> ROBERT A. DOTSON, ESQ.
> JUSTIN C. VANCE, ESQ,
> 5355 Reno Corporate Dr., Ste 100
> Reno, Nevada 89511
> (775) 501-9400
> *Attorneys for Washoe County School District*
>
> KATHERINE F. PARKS, ESQ.
> Thorndal Armstrong Delk Balkenbush & Eisinger
> 6590 S. McCarran Blvd., Suite B
> Reno, NV  89509
> *Attorney for Traci Davis*

**DATED** this Wednesday, March 3, 2021

By:_____
LUKE BUSBY, ESQ.
NEVADA STATE BAR NO. 10319
316 CALIFORNIA AVE.
RENO, NV 89509
775-453-0112
LUKE@LUKEANDREWBUSBYLTD.COM
*ATTORNEY FOR PLAINTIFF*

10